UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY L. CREER,

       Petitioner,

v.                                               Case No. 2:05-cv-257
                                               HON. GORDON J. QUIST

LINDA METRISH,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner Gregory L. Creer filed this petition for writ of habeas corpus challenging the validity of his state court conviction for felonious assault. Petitioner was convicted after a jury trial and on July 14, 2003, was sentenced to a prison term of 30 to 180 months imprisonment. Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

        Petitioner claims that there was insufficient evidence to support conviction. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that there was insufficient evidence to convict him of felonious assault. The Michigan Court of Appeals concluded:

> Defendant next argues that there was insufficient evidence to support the conviction. We disagree. Our review of a challenge to the sufficiency of the evidence is de novo. *People v. Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). When examining the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v. Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999). It is the role of the trier of fact, not the appellate court, to determine the inferences that may be fairly drawn from the evidence and the weight to be accorded those inferences. *People v. Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). The assessment of credibility, when presented by two diametrically opposed versions of events, rests with the trier of fact. *People v. Lemmon*, 456 Mich 625, 646; 576 NW2d 129 (1998). We do not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of the witnesses. *People v. Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748, amended 441 Mich 1201 (1992).

> To convict a defendant of felonious assault, the prosecutor must establish an assault, with a dangerous weapon, and the intent to injure or place the victim in apprehension of an immediate battery. *People v. Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996).  In the present case, defendant only contests the dangerous weapon requirement, specifically, the use of any key during the assault.  However, the question of the use of a dangerous weapon presented a question for the trier of fact.  The victim and defendant testified to differing versions of events, and the trier of fact concluded that the victim's testimony was credible. *Lemmon, supra*.  On this record, we do not interfere with the decision of the trier of fact. *Wolfe, supra*.  Accordingly, the challenge to the sufficiency of the evidence is without merit.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The evidence is to be considered in the light most favorable to the prosecution. *Id.*  It is clear that the evidence was sufficient to establish that petitioner committed the crime.  The Michigan Court of Appeals decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  Furthermore, the Michigan Court of Appeals decision did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. It is clear that there existed sufficient evidence to convict petitioner of felonious assault. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 10 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated:   September 3, 2008